IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

TAMMY ADKINS, et al.,          )
                               )
      Plaintiffs,              )
                               )
          v.                   )     1:04cv494 (JCC)
                               )
DONALD RUMSFELD,               )
                               )
      Defendant.               )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on cross-motions for summary judgment pursuant to this Court's Order on June 28, 2005 that all dispositive motions in this matter be heard together on the present motions day.  For the reasons stated below, the Court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

**I. Background**

Plaintiff, ULSG, LLC ("ULSG"), is a non-profit company. ULSG is an acronym for "USFSPA Litigation Support Group."  ULSG, along with fifty-eight additional named Plaintiffs, originally brought this action against Donald Rumsfeld in his official capacity as Secretary of Defense.  Those named Plaintiffs were retired veterans of the armed forces who were drawing, or eligible to draw, retirement pay and who were active duty service members who would have been eligible to receive pay when they

-1-

retired.  All fifty-eight named Plaintiffs were divorced, and their divorce decrees or related property settlements included provisions that granted their former spouses a portion of their retirement pay.

The original Plaintiffs, including ULSG, sought, *inter alia*, a declaratory judgment that portions of the Uniformed Services Former Spouses' Protection Act, ("the Act" or "the USFSPA"), 10 U.S.C. § 1408, are unconstitutional.  The Act allows state courts with proper jurisdiction to treat military retirement pay as marital property to be divided upon the divorce of members of the military and their former spouses.  *See* 10 U.S.C. § 1408(c)(1)(2004).

The Complaint was filed on April 30, 2004 seeking a declaratory judgment that: (1) the Act denies veterans substantive due process by applying retroactively to service members who entered the military before the Act was passed; (2) the Act denies the Plaintiffs procedural due process; (3) portions of the Act are unconstitutional because they allow non-uniform application by state courts; and, (4) the Act denies the Plaintiffs equal protection.

By Order entered October 12, 2004, the Court granted the Secretary's motion to dismiss the fifty-eight Plaintiff claims and ULSG's claims for, *inter alia*, a lack of standing to assert their claims.  By Order entered November 22, 2004, the

-2-

Court amended its October 12, 2004 judgment to grant ULSG leave to amend the Complaint to allege associational standing.  On December 6, 2004, ULSG filed an Amended Complaint, and Defendant subsequently filed a new motion to dismiss.  By Order entered March 16, 2005, the Court held that ULSG had alleged standing to assert all but the substantive due process claim due to the circumstances of at least one of its members.  As a result, the substantive due process claim was dismissed because the one individual member of ULSG that provided standing for the other challenges could not provide standing for the substantive due process issue.  In the same Order, the Court granted Defendant's motion to dismiss the uniformity and equal protection claims as failing to state a claim upon which relief could be granted.

Defendant's motion to dismiss the procedural due process claim was granted as to one issue - notice to a former military member at his or her "last known address" is constitutionally sufficient.  As to the other four claims regarding procedural due process, the Court denied Defendant's motion to dismiss.  Therefore, these claims concerning procedural due process constitute the only remaining issues in this matter.

On August 15, 2005, Plaintiff filed a Motion for Summary Judgment on the procedural due process claims.  On August 17, 2005, Defendant filed a Motion for Summary Judgment on the same claims.  These motions are currently before the Court.

-3-

## II. Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion. . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.* As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party

-4-

> has failed to make a sufficient showing on an essential
> element of the case that the non-moving party has the
> burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992)

(citations omitted), *abrogated on other grounds in Hazen Paper*

*Co. v. Biggins*, 507 U.S. 604 (1993).

### III. Analysis

The Due Process Clause of the Fifth Amendment to the
United States Constitution guarantees that no person shall "be
deprived of life, liberty, or property, without due process of
law." U.S. Const. amend. V. At a minimum, procedural due
process requires notice and some opportunity to be heard. *See*
*Mallette v. Arlington Co. Employees' Supplemental Ret. Sys. II*,
91 F.3d 630, 640 (4th Cir. 1996). Above that threshold, due
process has no fixed content; it is "flexible and calls for such
procedural protections as the particular situation demands." *Id.*
(citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). What
process is warranted in a given case depends on the balancing of
three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335
(1976):

> First, the private interest that will be affected by
> the official action; second, the risk of an erroneous
> deprivation of such interest through the procedures
> used, and the probable value, if any, of additional or
> substitute procedural safeguards; and finally, the
> Government's interest, including the function involved
> and the fiscal and administrative burdens that the
> additional or substitute procedural requirement would
> entail.

-5-

The Plaintiff claims four specific instances in which the USFSPA fails to provide procedural due process.  Those challenges are generally: 1) USFSPA does not provide veterans with sufficient protection from filings made pursuant to state court orders where the state court did not have proper jurisdiction over the veteran; 2) USFSPA itself does not provide sufficient opportunity for veterans to challenge state court orders before or after deprivation of property occurs; 3) USFSPA fails to provide a mechanism for refund of amounts retained in cases of conflicting state awards or overpayments to former spouses; and 4) USFSPA does not provide for an opportunity for a servicemember to challenge whether the state court observed the provisions of the Servicemembers' Civil Relief Act ("SCRA").

Assuming that the veterans have a protected property interest, Plaintiff's four arguments do not amount to a violation of the Due Process Clause.  Firstly, ULSG lacks standing to present the argument relating to 10 U.S.C. § 1408(e)(3) with regard to the potential problem of two state courts ordering conflicting amounts to be paid to a former spouse.  This Court has held that ULSG is proceeding as a plaintiff by means of associational standing resting on the membership of John Youngquist.  *Adkins, et al., v. Rumsfeld*, No. 04-494, slip op. at 7-8 (E.D. Va. March 16, 2005).  Associational standing is only permitted upon satisfaction of a number of factors, including a

–6–

requirement that at least one of the entity's members would otherwise have standing to sue in his own right. *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Plaintiff provides no evidence that Mr. Youngquist has been subjected to two conflicting state court orders or is in imminent danger of being so situated.  Therefore, because Mr. Youngquist would not have standing to assert this claim, ULSG is barred from doing so as well.

Plaintiff's first and fourth arguments generally conclude that the USFSPA fails to provide servicemembers with an "opportunity to be heard" because the Defense Finance and Accounting Service ("DFAS") - the entity to which the Secretary delegated his duties to garnish retired pay - does not independently determine whether a state court possessed personal jurisdiction or honored the veteran's SCRA rights.  Specifically, Plainitff asserts that the "regular on its face" provision - the provision that requires DFAS personnel to review each order that is submitted to determine whether anything on the face of the order would indicate that it was issued without legal authority - is insufficient protection from frivolous, abusive, or fraudulent filings or from proceedings where state courts lacked personal jurisdiction.

Plaintiff relies on *Simanonok v. Simanonok*, 787 F.2d 1517 (11th Cir. 1986), to support its position that the Act

provides insufficient procedural due process.  In that case, the plaintiff was a service member whose divorce decree divided his military retired pay and who was challenging, *inter alia*, that the Act did not meet the requirements of procedural due process. There, "given the conflicting versions of exactly what procedural rights a retiree is afforded under the Act and on the sketchy record before us, [the court of appeals was] unable to say definitely that a violation of due process has not occurred." *Id.* at 1523.  Thus, the court reversed the district court's dismissal of the complaint in order to give the service member an opportunity to clarify and support his objections to the Former Spouse Protection Act.

Importantly, on remand the district court in *Simanonok* held that the member had no legitimate claim of entitlement to the portion of his retirement pay awarded to his ex-wife by their divorce decree, and so was not deprived of any property interest through the workings of the FSPA. Alternatively, the district court held that in any event the member had been provided *all the procedure due him* under the circumstances.  *Simanonok v. Simanonok*, 918 F.2d 947, 949 (Fed. Cir. 1990)(emphasis added).  Accordingly, *Simanonok* does not support ULSG's position.

The Secretary forwards *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285 (1924), as persuasive

precedent to support his claim that the USFSPA need not provide
any additional hearing following the state court judgment.
Defendant interprets this case to mean that because an individual
has received an opportunity to be heard during proceedings that
resulted in a court order, the individual is not entitled to re-
litigate the propriety of the court order through a garnishing
agency or entity before the order is executed.  *Id*. at 288.  The
Defendant concedes that *Endicott* has come under scrutiny in
situations in which a general judgment is obtained that can be
executed through the garnishment of any one of a number of
assets.  However, the Defendant assets that unlike a general
judgment, the USFSPA mandates that DFAS garnish the member's
retired pay in favor of direct payments to the former spouse.
Therefore, *Endicott* is persuasive and no re-litigation of the
propriety of the state court judgment is required.  The Court
agrees both with this reading of *Endicott* and its application to
the facts of this case.

Endicott notwithstanding, the USFSPA provides veterans
with a constitutionally-sufficient opportunity to be heard.  The
protections that USFSPA provides are extensive.  To summarize:

> The former spouse who seeks to have the member's
> retired pay garnished pursuant to a state court decree
> must send a certified copy of that order to DFAS, along
> with a signed application that, *inter alia*, swears
> (under penalty of perjury) that the order has not been
> vacated, superceded, or set aside . . . . DFAS
> personnel review the application and court order to
> ensure that the court determined that it could maintain

-9-

personal "jurisdiction over the member" . . . and that
proceeding to enter a divorce decree was consistent
with the member's SCRA rights.  Consistent with the
USFSPA's definition of the phrase "regular on its
face," DFAS personnel also review the order to
determine whether anything on the face of the order
would indicate that it was issued without legal
authority.  If the state court order – as well as any
supporting documentation submitted by the former spouse
– does not contain this information, DFAS rejects the
garnishment application.

[Upon acceptance of the application, t]he
member has thirty days within which to challenge the
proposed retired pay garnishment before payments will
begin to the former spouse.  In this regard, the member
can bring anything he or she desires to the attention
of DFAS personnel . . . .  Once DFAS considers the
member's response and "rules" on the same, the member
is always entitled to reconsideration, and DFAS must
respond to each such request in writing.

(Def.'s Mot. at 18-19.)

In weighing the three prongs of the *Mathews* balancing
test, the provisions of the USFSPA meet the requirements of
procedural due process.  Although perhaps the private interests
affected by the garnishment have the potential of being costly,
they still constitute only a portion of each member's retirement
pay.  The risk of an erroneous deprivation of the pay, given the
elaborate pre-garnishment process, is likewise low.  Finally, the
fiscal and administrative burdens, much less the Constitutional
consequences, of instituting any additional requirements would be
prohibitive.  Any remedy in this regard that Plaintiff is seeking
should come from Congress and not the courts.  Accordingly,
Plaintiff's argument that the Due Process Clause requires DFAS to

independently review each state court decision for proper personal jurisdiction and SCRA compliance is dismissed.

ULSG, in its second and third arguments, alleges that USFPSA fails to provide servicemembers with constitutionally-sufficient post-deprivation procedure, specifically in retrieval of wrongfully garnished payments.  However, as this Court stated earlier in this matter, post-deprivation remedies are relevant insofar as such can rescue statutory or regulatory schemes that have sub-par pre-deprivation process.  *Adkins, et al., v. Rumsfeld*, No. 04-494, slip op. at 14 (E.D. Va. March 16, 2005). It appears that no decision has ever held that the mere lack of post-deprivation remedies against the government itself caused a statutory and/or regulatory scheme to run afoul of the Constitution.  This Court previously held that "since it is not clear whether the Act provides sub-par pre-deprivation process, post-deprivation remedies may be relevant."  *Id.*  Now that it is clear that pre-deprivation process is sufficient, post-deprivation process is irrelevant.

**IV. Conclusion**

For the reasons stated above, the Court will deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.  An appropriate Order will issue.


October _23_, 2005                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                 UNITED STATES DISTRICT COURT JUDGE